# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2010

No. 10-30044
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-77-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brian Smith appeals the 170-month, within-guidelines sentence imposed following his guilty plea conviction for distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Smith pleaded guilty pursuant to a plea agreement that contained a waiver of the right to appeal his sentence. He reserved the right to bring a direct appeal only of a sentence imposed in excess of the statutory maximum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30044

Smith argues on appeal that the appeal waiver is unenforceable and that his sentence is substantively unreasonable.

We assume without deciding that the appeal waiver is unenforceable and address instead his challenge to the reasonableness of his sentence. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006) (noting that appeal waiver does not implicate our jurisdiction); *United States v. Diaz*, 344 F. App'x 36, 39-40 (5th Cir. 2009) (pretermiting determination of validity of waiver because appeal was more easily resolved on its merits).

Smith argues that his sentence is substantively unreasonable because the district court erred by concluding that his criminal history was not overstated and by failing to give adequate weight to mitigation factors, namely that his prior drug offenses did not involve weapons or violence and that his personal history and the amount of drugs involved in his drug offenses indicate that he sold drugs to support his drug habit.

Smith did not raise a specific objection to the substantive reasonableness of the sentence imposed. Accordingly, his claim is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361-62 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that plain error review applies to unpreserved issues concerning the reasonableness of a sentence).

The record reflects that the district court implicitly balanced the mitigating factors discussed in Smith's sentencing memorandum and determined that a sentence in the middle of the guidelines range was appropriate under the circumstances. Smith has failed to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied* 130 S. Ct. 1930 (2010). Thus, he has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See United*

2

No. 10-30044

*States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Considering the totality of the circumstances, as we must, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that Smith's sentence is not substantively unreasonable or plainly erroneous. *See Rita*, 551 U.S. at 359-60.

The judgment of the district court is AFFIRMED.